IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40768
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSE GUADALUPE LUVIANO-GONZALEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-00-CR-77-1
--------------------
February 15, 2001

Before SMITH, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Jose Guadalupe Luviano-Gonzalez appeals the sentence imposed
following his guilty-plea conviction for re-entering the United
States illegally after deportation in violation of 8 U.S.C.
§ 1326.  Luviano-Gonzalez' appeal stems from the fact that his
sentence was enhanced pursuant to U.S.S.G. § 2L1.2(b)(1)(A).  He
argues that in view of the Supreme Court's recent decision in
Apprendi v. New Jersey, 120 S. Ct. 2348, 2362-63 (2000), his
sentence should be vacated because it exceeds the two-year
statutory maximum sentence for a violation of 8 U.S.C. § 1326(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Luviano-Gonzalez also argues that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in his indictment.

Luviano-Gonzalez acknowledges that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), and states that he is raising the issue to preserve it for possible Supreme Court review.  Although the Supreme Court noted that <u>Almendarez-Torres</u> may have been incorrectly decided, the Supreme Court did not expressly overrule it in <u>Apprendi</u>. <u>Apprendi</u>, 120 S. Ct. at 2362 & n.15.  Luviano-Gonzalez' argument is foreclosed by <u>Almendarez-Torres</u>.

AFFIRMED.